Filed 2/20/25  K.M. v. Superior Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| K.M., <br><br>　　　　Petitioner, <br><br>　　v. <br><br> THE SUPERIOR COURT OF SANTA CLARA COUNTY, <br><br>　　　　Respondent; <br><br> SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, <br><br>　　　　Real Party in Interest. | H052734 <br> (Santa Clara County <br> Super. Ct. No. 23JD027585) |

Petitioner K.M. is the father of N.P.-M. (minor).  Father petitions for an extraordinary writ, challenging the juvenile court's order terminating family reunification services and setting the matter for a Welfare and Institutions Code section 366.26 hearing.  For the reasons stated here, we will deny the petition.

## I.　JUVENILE COURT PROCEEDINGS

Minor was born in October 2022.  According to the operative second amended Welfare and Institutions Code section 300 petition, minor was removed from her mother's care (along with two siblings) in August 2023.  Mother "perpetrated domestic violence" against father while he was holding minor.  The operative petition alleged there was a substantial risk that the children would suffer serious physical harm without

juvenile court intervention due to the domestic violence history and mother's failure to arrange for the children's care and supervision. It further alleged father had a long-term substance abuse problem with methamphetamine and that father "state[d] he is unable to have [minor] in his care at this time due to his unstable circumstances."

## A. JURISDICTION AND DISPOSITION HEARING (FEBRUARY 2024)

The juvenile court found true the allegations of the operative petition following a contested hearing in February 2024. The court declared father to be minor's presumed father; minor's two siblings have a different father. Minor was declared a dependent of the court and ordered into the care, custody, and control of the Santa Clara County Department of Family and Children's Services (Department).

The juvenile court ordered family reunification services for mother and father. (Because mother is not a party to this writ proceeding, we focus primarily on the juvenile court proceedings as they relate to father.) Father's case plan included: a 16-week parenting without violence class; counseling or psychotherapy to address trauma and the impact of substance abuse on children; weekly drug testing; completing a substance abuse self-help program; and completing a substance abuse assessment (including participating in any program recommended by the assessment). The court ordered twice weekly supervised visits between minor and father.

## B. SIX-MONTH REVIEW HEARING (JULY 2024)

The Department prepared a status review report for the six-month review hearing. Minor was in the custody of her paternal grandmother. She was healthy and developmentally on target. Father was unemployed. He had attended the first 11 parenting without violence classes, and needed to attend five more to complete the program. Father had not made progress on enrolling in counseling or psychotherapy. He was "enrolled in outpatient services to address his active substance abuse," but "maintained minimal involvement in treatment" during the reporting period. Father tested positive for methamphetamine on two occasions during the six-month period, but

2

denied drug use. Father attended three scheduled visits with minor, and missed all others. The report indicated that returning minor to father's care would be detrimental until father made "behavioral and lifestyle changes to support a sober, stable, and safe environment." The Department recommended that father and mother continue to receive family reunification services.

## C. 12-MONTH PERMANENCY HEARING (NOVEMBER 2024)

The Department prepared a 12-month permanency hearing report and several addenda. Minor was still healthy and developmentally on target. Father's compliance with his case plan was limited between July and September 2024. He was dropped from his original parenting without violence class in July 2024 due to unexcused absences. According to the report, father told a clinician in June 2024 that he "was not willing to participate in [intensive outpatient] services, as he did not believe he needed them, nor did he believe he needed outpatient or any other type of substance abuse services." In July and August 2024, father tested positive for methamphetamine six times and missed five tests.

Father re-engaged with his case plan beginning in October 2024. He was employed but unhoused as of that month. He enrolled in a new parenting without violence class and attended the first five sessions. He started individual therapy sessions with a licensed clinical social worker, and began participating in intensive outpatient services. His drug tests were clean in October 2024. He missed several drug tests in October and November 2024. His supervised visits with minor were generally consistent and positive. One concern related to visitation was that mother arrived unannounced at two scheduled visits between father and minor. She was also observed as a passenger in father's car after those visits.

The Department commended father's more recent efforts to comply with his case plan, but nonetheless recommended that family reunification services be terminated and that the matter be set for a Welfare and Institutions Code section 366.26 selection and

3

implementation hearing. Among other things, the Department observed father "has not yet developed the necessary boundaries with the mother nor has [he] been able to demonstrate that he can be a protective father," noting that father admitted to maintaining some level of contact with mother, and the two were seen leaving together after one or more of his visits.

Father testified at the contested 12-month permanency hearing. He acknowledged his earlier positive drug tests, confirmed that his recent drug tests were clean, and stated that he was discussing substance abuse issues with his outpatient counselor. He testified that he was attending 12-step meetings. He was newly employed as an automotive service technician. He remained unhoused, and was staying "at a friend's or in [his] car."

The juvenile court terminated family reunification services after the contested evidentiary hearing. The court found by clear and convincing evidence that reasonable reunification services were offered to father. The court also found that father had maintained consistent and regular visitation with minor, but had not made significant progress in resolving the problems that led to minor's removal. The court acknowledged father had made some progress, but noted his progress occurred only "over the course of the past couple months." The court also noted multiple positive and missed drug tests before the recent progress. The court ultimately found father had not demonstrated the capacity and ability both to complete the objectives of his treatment plan and to provide for minor's safety, protection, physical and emotional well-being. The court observed that father was still "early in his recovery" and that it needed to consider his engagement with reunification services over the course of the full 12-month review period.

## II.  DISCUSSION

If a dependent child is under the age of three on the date he or she is initially removed from parental custody, the juvenile court is required to order family reunification services "for a period of 6 months from the dispositional hearing." (Welf. & Inst. Code, § 361.5, subd. (a)(1)(B).) At the six-month review hearing, the court may

4

continue the case to a 12-month permanency hearing if it finds a substantial probability that the child may be returned to a parent within another six months or that reasonable services have not been provided. (Welf. & Inst. Code, § 366.21, subd. (e)(3).)

At the 12-month permanency hearing, the juvenile court must determine whether returning the child to the parent "would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child," and whether reasonable services were offered or provided to the parent to aid in overcoming the problems that lead to the Department's removal and continued custody of the child. (Welf. & Inst. Code, § 366.21, subd. (f)(1), (f)(1)(A).) If the court finds a substantial risk of detriment, it may continue the matter again, but for no longer than 18 months from the child's initial removal and only if it finds "a substantial probability that the child will be returned to the physical custody of their parent ... and safely maintained in the home within the extended time period" or that reasonable services have not been provided to the parent. (Welf. & Inst. Code, § 366.21, subd. (g)(1).) Otherwise, barring exceptions not present here (Welf. & Inst. Code, § 366.21, subd. (g)(2), (5)), the court must terminate reunification services and set a selection and implementation hearing within 120 days. (Welf. & Inst. Code, §§ 366.21, subds. (g)(4), (h); 366.26.)

"[T]o find a substantial probability that the child will be returned to the physical custody of their parent ... and safely maintained in the home within the extended period of time," the court is required to find: "(A) That the parent ... has consistently and regularly contacted and visited with the child. [¶] (B) That the parent ... has made significant progress in resolving problems that led to the child's removal from the home. [¶] (C) The parent ... has demonstrated the capacity and ability both to complete the objectives of their treatment plan and to provide for the child's safety, protection, physical and emotional well-being, and special needs." (Welf. & Inst. Code, § 366.21, subd. (g)(1)(A)–(C).)

5

We review the juvenile court's order terminating family reunification services for substantial evidence. (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 688.)[1] We review the record in the light most favorable to the juvenile court's findings, and we draw all reasonable inferences from the evidence to support the disposition. (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

Father argues the juvenile court "failed to determine ... whether the progress that was made was *significant*" and contends the court did not review the circumstances as they existed at the time of the hearing. The juvenile court acknowledged father had "made a level of progress," but also observed that his "progress has been recent, over the course of the past couple months." The court found that father had not "made significant progress in resolving the problems that led to the child's removal," citing "a lot of positive drug tests" and a number of missed tests. Substantial evidence supports that finding. Father's drug testing between February and September 2024 was marked by numerous missed tests and tests that were positive for methamphetamine, yet father persistently denied drug use during that period. And although the drug tests father took in October 2024 were clean, he missed other scheduled drug tests in October and November 2024. Father also failed to meaningfully participate in other parts of his case plan for the majority of the reunification period, including not beginning individual therapy or intensive outpatient drug treatment until October 2024, the month before the hearing. The Department also voiced concern in an addendum to the 12-month report that father had "not yet developed the necessary boundaries with the mother nor has be been able to demonstrate that he can be a protective father," evidenced by acknowledging his ongoing contact with mother and even leaving together with her after visits.

---

[1] We note that if we were reviewing whether reasonable reunification services were provided, the substantial evidence standard of review is slightly different because the juvenile court must make that finding by clear and convincing evidence. (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1005; *In re V.L.* (2020) 54 Cal.App.5th 147, 155.) But father does not challenge that finding here.

Substantial evidence supports the juvenile court's findings that father's recent progress did not amount to "significant progress in resolving problems that led to the child's removal from the home," as called for in the applicable statute. (Welf. & Inst. Code, § 366.21, (g)(1)(B).)

Father asserts the juvenile court did not "opine on Father's 'capacity' and 'ability' to meet the standard set forth" in Welfare and Institutions Code section 366.21, subdivision (g)(1)(C)—i.e., the "capacity and ability both to complete the objectives of their treatment plan and to provide for the child's safety, protection, physical and emotional well-being, and special needs." He contends the juvenile court "should have looked at Father's capacity and ability in light of the undisputed evidence – and the Court's own statements – that progress had been made." But the juvenile court specifically acknowledged father's recent progress and nonetheless found "it does not appear to the Court that there is enough here to show that [father] has demonstrated that capacity." Father did not meaningfully engage with many elements of his case plan until October 2024. The Department noted ongoing concerns about father's ability to develop necessary boundaries with mother. Father's sobriety was quite recent, and his testing compliance still reflected multiple missed tests in October and November 2024. Substantial evidence in this record supports the juvenile court's finding that father had not demonstrated the capacity and ability both to complete the objectives of his treatment plan and to provide for minor's safety, protection, physical and emotional well-being, and special needs.

### III.    DISPOSITION

The petition for an extraordinary writ is denied.

_____
Grover, J.

**WE CONCUR:**


_____
Greenwood, P. J.


_____
Wilson, J.


H052734
*K.M. v. Superior Court*